©keen, J.-
delivered the opinion of the court.-
The court was right in allowing the jury to presume a grant. Smith had taken possession in 1806, which had been continued without interruption until March, 1833, when this suit was brought, the parties all the while claiming to hold to certain boundaries under a grant. In the case of Haynes vs. Peck’s lessee, Mar. and Yerg. 228, the court decided that a grant may be presumed after a great length of time, during whichthe claimant has been in the uninterrupted possession.of the land. In that case, the defendant had been in possession of the land in dispute thirty years. In the case now before the court, only twenly-seven years had elapsed from the time possession commenced', up to the time the suit was brought. In England, the courts have been constantly in the habit of presuming grants from the crown, upon an uninterrupted enjoyment of twenty years. Beckwith vs. Thompson, 7 Term Rep. 488. Judge Overton recognised this period, as sufficient to furnish the presumption in the case of Gwathney vs. Stump, 2 Term Rep. 313. We think therefore, that where there has been an uninterrupted possession and enjoyment for twenty years, a grant may be presumed.
As to the correct method or manner of making the survey, we think the opinion of the court below was right. The charge was in accordance with the case of Wilson *458 vs. Lewis, Peck’s Rep. 96, and we think, with common'' sehse. The object of the'resurvey was to ascertain the true line, as it was originally made:' The counsel for the plaintiff ⅛’ error insists,' that although it be proved that the line, which was ascertained, was- run erroneously, by varying several degrees from-the cardinal points, we are not to presume that the surveyor, in order1 to make right angles, would continue his error throughout the other three lines. In this, we differ altogether in opinion with the ingenious counsel who made the argument. It is known’, that' scarcely any two compasses concur precisely in the direction of the needle. Now, if a surveyor begin a survey, and run one line several degrees variant from the true course, is it not presumable he was thus misdirected by his compass, and if misdirected by it in running the first line, would it not mislead him in the same way throughout the survey? We think therefore, that the base line having been established as the eastern boundary of these tracts, the dividing line between the plaintiff and defendant, ought to have been run so as to make right angles. The charge of the court was also correct, when the jury -were told, that where adjoining claimant's take possession up to a given line, and claim it as their true boundary for' many years, that would be evidence that it was the true'lise. This is the settled doctrine of this court. Nichol vs. Lytle, 4 Yerg. 458. Houston vs. Matthews. 1 Yerg. 116. Where the true locality of the line is-doubtful, such acts are regarded as furnishing evidence that the line so recognised, is the'true line; nor are either of the parties at liberty afterwards to abandon such line, although the original line should afterwards be ascertained at a different place. If therefore, the line run by Webster were conceded tc be the true original line, it would hot be obligatory on the parties. It was never intended by the act of 1S19, c. 1, that the survey directed by that act to be made, should alter the-, boundaries of men’s land from where, by law, they were before fixed. Nor could it constitutionally have done so, if such had been the purpose of the legislature.
The remaining question, and that upon which the counsel for the plaintiff in error, places the principal stress of his argument, is, whether the court erred in rejecting the evidence- *459 offered by him, to prove that the lessor of the plaintiff imm'e-diately after Webster’s survey was made on his boundary line, moved his fence over the old line and placed it apon Webster’s line, and had held possession there ever since, according to Webster’s line. It is insisted that this testimony ought to have been received, to prove that the plaintiff below had agreed to Webster’s line as the true one, and had abandoned Hunter’s; for that although he did no act on the southern boundary, where the dispute in this case arises, from which his assent to Webster’s line could be presumed, yet that Webster’s survey was an entire thing, and that an agreement to one line of it, was in effect, an agreement to the whole survey.
We do not think,the consequence here contended for follows from the act of .the lessor of the plaintiff It certainly does not necessarily follow, .that if a survey er run one of the lines of a tract of land correctly, that therefore, all the rest were run correctly; and this consequence must be assumed in order to give plausibility to the argument. For if a surveyor run one line, at the place the owner thinks he is entitled t© claim as his true boundary,, and he take possession to that line, surely no one will contend that he is bound by the -other lines ran by the same surveyor at the same time, how manifestly erroneous soever, he may know them to be. If -this were so, the owner would be reduced to the dilemma, of having to give up land, to which he was entitled on one boundary, or, if he attempted to claim it, of being -compelled to yield on other boundaries, a portion of his tract to which he had a clear right. The claim therefore, of M’Gee on the northern boun-ary up to Webster’s ¡line, is no evidence of an' agreement to yield to the defendant below, the land in controversy on the south, and consequently this evidence was properly rejected.
But, if with a full knowledge of aline, which is fixed and established, the parties by verbal agreement make another line, or consent that a line which has been run elsewhere shall be the true line, such agreement would be within the statute of Frauds, as was decided by this court, in the case of Nichol vs. Lytle, 4 Yerg. 456. There was here no doubt as to where die line was; it had been practically established at the place *460 where Hunter and Gilchrist had run it, and that made it the true boundary. Besides the presumption from these facts, that it was the true boundary, we thiuk a correct survey of the grant would run the south boundary line at the same place! It may be questioned therefore, whether, if under a mistake as to the obligatory character of a survey, which might be made under the act of 1819, the parties had adopted that survey as fixing their boundaries, and the plaintiff had relinquished part of his land to the defendant by such verbal agreement, it would not have been within the statute of Frauds, as was the case of Nichol vs. Lytle.
Upon the whole, we think there is no error in the judgment of the court below, and order that it be affirmed.
Judgment affirmed,